**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MILLCREEK TOWNSHIP SCHOOL DISTRICT, | ) Docket No. 1:25-cv-125 |
| *Plaintiff* | ) **COMPLAINT** |
| v. | ) Electronically filed on behalf of: |
| | ) Plaintiff, Millcreek Township School District |
| CORNERSTONE TECHNOLOGIES, INC. and BRUCE MANSSUER, | ) Counsel of record for this party: |
| | ) KNOX MCLAUGHLIN GORNALL |
| *Defendants* | ) & SENNETT, P.C. |
| | ) Philip J. Seaver-Hall, Esq. (PA 330299) |
| | ) 120 West Tenth Street |
| | ) Erie, PA 16501 |
| | ) Telephone: (814) 459-2800 |
| | ) Facsimile: (814) 453-4530 |
| | ) Email: pseaver-hall@kmgslaw.com |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

The Millcreek Township School District, through its counsel, files the following Complaint:

### PRELIMINARY STATEMENT

1. This case is about Cornerstone Technologies, Inc.'s attempt to defraud a local school district and evade its contractual obligations.

2. Cornerstone Technologies is an e-scrap company. Cornerstone offered to buy the Millcreek Township School District's surplus technological equipment—old computers, iPads, and the like—and the District accepted that offer. But after taking custody of the equipment and transporting it across state lines, Cornerstone disappeared and has refused to pay for the equipment.

## PARTIES

3. Plaintiff, the Millcreek Township School District, is a school district serving Millcreek Township, a suburb of Erie, Pennsylvania. The District is governed by the Millcreek Township Board of School Directors and is subject to the Public School Code of 1949, 24 PA. STAT. § 1-101 *et seq.*

4. The District is a steward of public monies.

5. The corporate Defendant, Cornerstone Technologies, Inc., is an IT asset and recycling business. Cornerstone is incorporated in the State of Georgia, and its principal place of business is located at 1505 Pavilion Place, Suite F, Norcross, Georgia, 30093.

6. The individual Defendant, Bruce Manssuer, is the Chief Executive Officer of Cornerstone. On information and belief, Manssuer resides in the State of Georgia.

7. At all relevant times, Mr. Manssuer acted in his capacity as an agent and employee of Cornerstone.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over all the following claims because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1).

9. This Court has specific personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of conducting business within the Commonwealth of Pennsylvania, and this suit arises out of and relates to those business activities. *See, e.g.*, *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 359 (2021).

## GENERAL ALLEGATIONS

10. In July of 2024, the District determined that it would sell over a thousand pieces of surplus technology equipment (the "Equipment") that the District no longer needed.

11. In an effort to receive the highest value in return, the District used a competitive bidding process that allowed interested vendors to submit bid proposals detailing the buyback value of the Equipment.

**I.   Cornerstone and the District enter into a contract for the sale of the Equipment**

12. On July 26, 2024, Cornerstone, by and through Mr. Manssuer, sent a letter to the District offering to buy the Equipment for $75,750. A true and correct copy of Cornerstone's letter is attached as **Exhibit 1**.

13. The Equipment consisted of the following:

- 28 Esports machines by iBUYPOWER
- 25 Dell Precision 360 computers
- 24 Dell Precision 3420 computers
- 10 Richo SP2600DN printers
- 20 Viewsonic boards IFP 2410
- 470 iPads
- Approximately 260 Dell P2210f monitors
- 30 cell phones
- 13 Hikvision network thermal cameras
- 10 Hikvision handheld thermal cameras
- Approximately 260 Dell docking stations

*See* Ex. 1.

14. Cornerstone's July 26, 2024 offer expressly promised the following:

3

> **Cornerstone Technologies shall inventory all material PRIOR to departure and provide a report to MILLCREEK TOWNSHIP SCHOOL DISTRICT personnel.** Cornerstone Technologies shall also serialize ALL material received from the MILLCREEK TOWNSHIP SCHOOL DISTRICT. An **Inventory Control Report** shall be provided to the MILLCREEK TOWNSHIP SCHOOL DISTRICT with a **Certificate of Recycling**, which includes the **necessary indemnifications**. **These documents along with payment for the devices shall be provided within 10 days of pickup.**

*See* Ex. 1 at 2 (emphasis in original).

15. On information and belief, Cornerstone extended its July 26, 2024 offer with no actual intention of honoring its terms.

16. The District accepted Cornerstone's offer soon after receiving it.

17. Cornerstone's offer letter made clear that "[a]ll material removed from our customers is processed in our [Norcross, Georgia] facility. Cornerstone does not subcontract any of it's [*sic*] services." *See* Ex. 1.

## II. Cornerstone takes custody of the Equipment and refuses to pay for it

18. In early August of 2024, Cornerstone collected the Equipment and took it to Cornerstone's facility in Norcross, Georgia. A true and correct copy of Cornerstone's "Chain of Custody and Data Security Services" form is attached as **Exhibit 2**.

19. Cornerstone did not tender the promised documents and payment within ten days of pickup, however.

20. Months went by, with no payment or meaningful communication from Cornerstone.

21. On December 12, 2024, Patrick Theim, the District's Director of Information Technology, emailed Mr. Manssuer to demand payment within seven days.

4

22.     That same day, Mr. Manssuer responded by saying, "I apologize for the delay in getting this pickup reconciled.  Let me get with my Processing Manager right now and see what the report came out looking like."

23.     Over a month went by with no meaningful response from Cornerstone.

24.     On January 21, 2025, Cornerstone finally emailed the District a Certificate of Data Destruction and Recycling.  A true and correct copy of this Certificate is attached as **Exhibit 3**.

25.     The Certificate of Data Destruction and Recycling included the following language:

> Cornerstone Technologies (the Agency) agree(s) to indemnify and hold harmless "The Customer" and their officers, employees, agents or instrumentalities (the indemnified parties), from any and all claims, liabilities, demands, suits, causes of actions [*sic*] or proceedings of any kind or nature, losses or damages including attorneys' fees and costs of defense, which the indemnified parties may incur arising out of the negligence, error, omission, intentional acts, or other cause arising out of or resulting from the collection and recycling of Surplus Technology Equipment by the Agency, its employees, or others affiliated or associated with the Agency.

*See* Ex. 3 (emphasis omitted).

26.     Cornerstone did not tender the promised $75,750 payment, however.

27.     Despite repeated demands, Cornerstone has failed or refused to tender the $75,750 payment to the District.

28.     On information and belief, Cornerstone is undercapitalized.

29.     On information and belief, Cornerstone has failed to adhere to corporate formalities.

### III.  Defendants' long history of defrauding governments

30. The above allegations are hardly the only time Defendants have defrauded, and breached a contract with, a governmental entity.

31. As just one example, on September 9, 2024, Rochester Public Schools obtained a judgment against Cornerstone totaling $247,265 for near-identical conduct. *See* Jordan Shearer, *Rochester Public Schools awarded nearly $250,000 in lawsuit with Georgia company over iPads*, ROCHESTER POST BULLETIN (Sept. 10, 2024), available at https://www.postbulletin.com/news/local/rochester-public-schools-awarded-nearly-250-000-in-lawsuit-with-georgia-company-over-ipads.

32. Independent investigations have revealed numerous other prior instances of similar misconduct by Defendants and their predecessor companies. *See generally* Jared Paben, *An e-scrap company's history of public-sector contract controversy*, RESOURCE RECYCLING (Mar. 9, 2021), available at https://resource-recycling.com/recycling/2021/03/09/an-e-scrap-companys-history-of-public-sector-contract-controversy/.

33. This lengthy pattern of misconduct suggests that Defendants' conduct in this case was willful, malicious, and recklessly indifferent to the rights of others.

### COUNT I – BREACH OF CONTRACT FOR THE SALE OF GOODS
### Millcreek Township School District v. All Defendants

34. Plaintiff incorporates all previous paragraphs of this Complaint by reference.

35. Because the parties' contract was a contract for the sale of goods, it is governed by Article 2 of the Uniform Commercial Code. *See* 13 PA. CONS. STAT. § 2012(a) (stating that Pennsylvania's version of the U.C.C. "applies to transactions in goods").

36. When the District accepted Cornerstone's bid, the parties entered into a valid, written, and enforceable contract under Section 2-204 of the Uniform Commercial Code. *See* 13 PA. CONS. STAT. § 2204(a).

37. The District fulfilled all its material contractual obligations, including delivering the Equipment to Cornerstone. *See* 13 PA. CONS. STAT. § 2301 (stating that "[t]he obligation of the seller is to transfer and deliver" the goods).

38. As part of the contract, Cornerstone agreed that it would tender $75,750, along with various documents, within ten days of picking up the Equipment.

39. Cornerstone materially and substantially breached the contract by refusing to pay the District the agreed-upon sum of $75,750. *See* 13 PA. CONS. STAT. § 2301 (stating that the buyer's obligation "is to accept [the goods] and pay in accordance with the contract"); Ex. 1 (extending a "TAKE ALL Buyback Offer of $75,750").

40. Under Section 2-709 of the U.C.C., the District is entitled to recover, together with any incidental damages, the full price of the goods Cornerstone accepted. *See* 13 PA. CONS. STAT. § 2709(a)(1).

41. As a direct and proximate result of Cornerstone's breach, the District has suffered monetary damages in excess of $75,000.

### COUNT II – UNJUST ENRICHMENT (IN THE ALTERNATIVE)
**Millcreek Township School District v. All Defendants**

42. Plaintiff incorporates all previous paragraphs of this Complaint by reference.

43. The District conferred a substantial benefit on Cornerstone by allowing Cornerstone to take custody of its Equipment.

44. Cornerstone accepted, retained, and appreciated that benefit.

45. It would be inequitable to allow Cornerstone to retain these benefits without paying the District a fair value.

## COUNT III – PROMISSORY ESTOPPEL (IN THE ALTERNATIVE)

### Millcreek Township School District v. All Defendants

46. Plaintiff incorporates all previous paragraphs of this Complaint by reference.

47. Cornerstone promised to pay the District in exchange for the District's Equipment.

48. Cornerstone should have reasonably expected that its promise would induce action on the part of the District.

49. In reliance on Cornerstone's promise, the District allowed Cornerstone to take custody of the District's Equipment.

50. Injustice can be avoided only by enforcing Cornerstone's promise to pay the District the fair value of the Equipment.

## COUNT IV – FRAUDULENT INDUCEMENT

### Millcreek Township School District v. All Defendants

51. Plaintiff incorporates all previous paragraphs of this Complaint by reference.

52. Cornerstone, by and through Mr. Manssuer, falsely represented that it would pay the District for the Equipment.

53. This representation was material to the transaction at hand—indeed, it was the crux of the transaction.

54. Defendants intended to mislead the District into relying on Defendants' misrepresentations.

55. The District justifiably relied on Defendants' misrepresentations by allowing Cornerstone to take custody of the District's Equipment.

56. As a direct and proximate result of Defendants' misrepresentations and the District's reliance on those misrepresentations, the District has suffered monetary damages exceeding $75,000.

57. Punitive damages are warranted here because Defendants' conduct was outrageous, evincing an evil motive and reckless indifference to the rights of others.

## REQUEST FOR RELIEF

The District respectfully requests the following relief:

- Compensatory damages in the amount of $75,750;
- Incidental damages;
- Punitive damages;
- Attorneys' fees;
- Costs of suit; and
- Any other relief that this Court deems just.

## JURY DEMAND

The District demands a jury trial, consisting of a panel of twelve jurors, in which to litigate all claims raised in this lawsuit.

Respectfully submitted,

KNOX MCLAUGHLIN GORNALL & SENNETT, P.C.

By: /s/ *Philip J. Seaver-Hall, Esq.*
PHILIP J. SEAVER-HALL, ESQ. (PA 330299)
120 West Tenth Street
Erie, PA 16501-1461
Telephone: (814) 459-2800
Fax: (814) 453-4530
Email: pseaver-hall@kmgslaw.com

*Attorneys for Plaintiff,
Millcreek Township School District*

# 2595939.v1